Concerned Rosebud Area Citizens et al v. Norton et al                                                                    Doc. 5
Case 1:05-cv-01275-JR   Document 12   Filed 08/30/2006   Page 1 of 6
Case 3:06-cv-05069-RHB   Document 5   Filed 05/09/2006   Page 1 of 6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
MAY - 9 2006
CLERK

CONCERNED ROSEBUD AREA CITIZENS, :
*et al.*,                          :
                                   :
          Plaintiffs,              :
                                   :
     v.                            :   Civil Action No. 05-1275 (JR)
                                   :
GALE NORTON, Secretary of the      :
Interior, *et al.*,                :
                                   :
          Defendants.              :

**MEMORANDUM ORDER**

Plaintiffs in this case are four groups with connections to the Rosebud Indian Reservation in Mellette County, South Dakota. They bring this action seeking declaratory relief from the Department of Interior-Bureau of Indian Affairs' alleged violations of the National Environmental Protection Act (NEPA). 42 U.S.C. §§ 4321 et seq. Defendants have moved to dismiss or, alternatively, to transfer venue. Because only the District Court for the District of South Dakota can say whether plaintiff's claims are truly moot, the defendants' motion to transfer venue [Dkt. #5-1] will be **granted** and the case will be **transferred**.

1.   **Background**

     A.   The BIA lease and plaintiffs' original lawsuit

          In September 1998, the Bureau of Indian Affairs approved a lease between the Rosebud Sioux Tribe and Bell

United States District Court
For the District of Columbia
A TRUE COPY
NANCY MAYER WHITTINGTON, Clerk
By_____
          Deputy Clerk

dockets.Justia.com

Farms/Sun Prairie for the construction of a large hog production facility on land, located in Mellette County, South Dakota, that the BIA held in trust for the benefit of the Tribe and its members. Dkt. #1 at 7. Sun Prairie was to build and operate thirteen hog farms on the leased land. Dkt. #5-2 at 4. Shortly after the lease was approved, four "Concerned Citizen" parties -- the same four who are the plaintiffs here -- filed a NEPA suit against BIA, Civil Action No. 98-2841 (JHG), demanding the preparation of an environmental impact statement. Dkt. #1 at 7. After the denial of the government's motion to transfer the case to the District of South Dakota, <u>Concerned Rosebud Area Citizens v. Babbitt</u>, 34 F. Supp. 2d 775 (D.D.C. 1999), the BIA conceded the plaintiffs assertions, and the suit was settled and dismissed, without prejudice. Central to the settlement was BIA's stipulation that the lease "is, and always has been, void for failure to fully comply with [the National Environmental Policy Act, 43 U.S.C. §§ 4321 et seq]." Dkt. #9-2 at 1. Sun Prairie was named as a defendant, but it did not sign the stipulation. The Tribe was not a party to the suit.

    B.    <u>The Sun Prairie lawsuits and consent decree</u>

Sun Prairie, the farm operator, then filed two suits against the BIA in the District of South Dakota. Dkt. #1 at 8. In the first one, joined by the Tribe, Sun Prairie sought and was granted an injunction restraining the BIA from interfering with

the construction of the hog farm project, Rosebud Sioux Tribe v. Gover, 104 F. Supp. 2d 1194 (D.S.D. 2000). That injunction was vacated on appeal, and the case was remanded with instructions to dismiss for lack of standing. Rosebud Sioux Tribe v. McDivitt, 286 F.3d 1031 (8th Cir. 2002), cert. denied, 537 U.S. 1188 (2003).

In the second suit, Sun Prairie sued BIA and the Tribe (which was now apparently fighting the project) for equitable and declaratory relief based on a different set of legal theories. Dkt. #5-2 at 4. In that case, the court held that the lease was valid, notwithstanding BIA's stipulation in this court that the lease was void, because BIA had not complied with its own regulations. Sun Prairie v. Martin, No. CIV. 02-3030, slip op. (D.S.D. June 5, 2003). That holding was followed by a consent judgment. Sun Prairie v. Martin, No. CIV. 02-3030, order (D.S.D. May 19, 2005). The consent judgment recited that two of the thirteen hog farms originally planned were complete and operational, Dkt. #5-2 at 4, and provided that Sun Prairie would not construct any more. The judgment also vacated the letter of the Assistant Secretary dated January 27, 1999 that "purported to rescind the BIA's approval of the lease." Dkt. #5-2 at 6, 14. Because BIA's consent in the South Dakota case repudiated the position to which the BIA had stipulated in this court, plaintiffs filed the instant suit on June 24, 2005.

2. **Analysis**

Plaintiffs seek essentially the same relief prayed for in their earlier complaint: a declaration that the defendants violated NEPA by failing to issue an environmental impact statement or, in the alternative, by failing to prepare an environmental assessment that satisfies NEPA's requirements; and am order setting aside the defendants' approval and re-approval of the Sun Prairie lease. Dkt. #1 at 11.

The motion to dismiss asserts a number of grounds, including mootness. Because the consent judgment provides that no more farms will be constructed, and because the two that have been constructed are complete, defendants argue that plaintiffs' NEPA claim is moot. Dkt. #9 at 11-1.

NEPA's requirement that agencies engage in an extensive inquiry as to the effect of federal actions is essentially procedural. Tennessee Valley Auth. v. Hill, 437 U.S. 153 (1978). Thus, "it would make sense to hold NEPA inapplicable at some point in the life of a project, because the agency would no longer have a meaningful opportunity to weigh the benefits of the project versus the detrimental effects on the environment." Id.

Following the Hill decision, numerous courts have found that the completion of a project moots a NEPA challenge. See, e.g. Knaust v. Kingston, 157 F.3d 86 (2nd Cir. 1998)(NEPA action to stop construction of business park moot where related funds

- 4 -

had all been disbursed and park was complete); <u>Oregon Natural Res. Council, Inc. V. Wood</u>, 49 F.3d 1441 (9th Cir. 1995)(where government had completed challenged dredging activity and had no plans to repeat dredging, no effective relief could be granted and NEPA-based action was moot); <u>Neighborhood Transp. Network v. Pena</u>, 42 F.3d 1169 (8th Cir. 1994)(NEPA-based suit challenging highway construction moot where project was complete); <u>Neighbors Org. To Insure a Sound Env't v. McArtor</u>, 878 F.2d 174 (6th Cir. 1989)(NEPA suit filed after construction, but before opening, of new airport terminal moot because terminal was finished); <u>Florida Wildlife Fed'n v. Goldschmidt</u>, 611 F.2d 547, 549 (5th Cir. 1980)(affirming denial on mootness grounds of motion for permanent injunction under NEPA of an almost-complete highway); <u>Friends of the Earth v. Bergland</u>, 576 F.2d 1377 (9th Cir. 1978)(NEPA action moot where mining company had already engaged in challenged exploratory mining in national forest).  While the D.C. Circuit does not appear to have had the opportunity to consider a suit in a similar posture, the weight of precedent from other circuits clearly supports the dismissal of this case for mootness.

The case is truly moot, however, only if the consent judgment entered by the District Court for the District of South Dakota is not susceptible of being vacated as BIA's stipulation in this court was vacated.  It was the District Court for the

District of South Dakota that un-settled the case that was settled here and entered the consent judgment approving the fait accompli on the Tribe's land. That court should decide whether the claims of these plaintiffs are moot.[1]

The motion to transfer venue [Dkt. #5-11] will accordingly be **granted**. The clerk is directed to transfer this case to the United States District Court for the District of South Dakota.

```
                              JAMES ROBERTSON
                       United States District Judge
```

---

[1] It would, of course, also be an abuse of the comity one federal court shares with another to consider plaintiff's second prayer for relief to "set aside defendant's reapproval of the lease," Dkt. #1 at 11, an action that was taken by order of the South Dakota court.

- 6 -